IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHITNEY SMELSER, | § § § | |
| *Plaintiff*, | § § | |
| V. | § § | CIVIL ACTION NO. 23-1463 |
| DAN SERVICES, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | § § § § § | |
| *Defendants*. | § § | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants DAN Services, Inc. ("DAN") and National Union Fire Insurance Company of Pittsburgh, Pa. ("NUFIC") (collectively, "Defendants") file this Notice of Removal and respectfully show the following:

**I.
BACKGROUND**

1. This is an insurance coverage case involving disability benefits under an insurance policy issued by NUFIC to DAN and arising from an alleged scuba diving accident on or around October 28, 2020. *See* Exh. B-1, *Plaintiff's Original Petition*, filed October 27, 2023 ("Pet.") at 2, ¶ 9-14.

2. On October 27, 2023, Plaintiff Whitney Smelser filed suit against DAN and NUFIC in Travis County, Texas. *Id*. Citation was issued for DAN and NUFIC on October 30, 2023. *See* Exhs. B-2 and B-3.

3. Plaintiff served DAN by process server on its registered agent on November 1, 2023. Exh. D. Additionally, Plaintiff contends it served NUFIC on November 9, 2023.[1]

4. Defendants file this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See Id.*

5. As required by 28 U.S.C. § 1446(a), simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit A is an Index of Matters Being Filed. A copy of the Docket Sheet – Case Information Sheet is attached as Exhibit B. All of the filings from state court are attached as Exhibits B-1 through B-3. List of Counsel and Parties is attached as Exhibit C. A copy of this Notice is also being filed with the state court and served upon Plaintiff.

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Travis County, Texas, the place where the removed action has been pending.

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.  Plaintiff and the Defendants Are Of Diverse Citizenship**

8. Upon information and belief, Plaintiff is and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Exh. B-1, Pet. at 1, ¶ 3.

9. Both at the time the lawsuit was originally filed and at the time of removal, DAN was a corporation organized under the laws of the State of North Carolina and has its principal

---

[1] This information was provided by Plaintiff's counsel. However, NUFIC does not currently have a record of this, and no documents have been filed with the state court reflecting service.

place of business in North Carolina. Accordingly, DAN is a citizen of the State of North Carolina for diversity purposes.

10. Both at the time the lawsuit was originally filed and at the time of removal, NUFIC was a corporation organized under the laws of the State of Pennsylvania and has its principal place of business in New York. Accordingly, NUFIC is a citizen of the State of Pennsylvania and New York for diversity purposes.

11. Because Plaintiff is a citizen of Texas, DAN is a citizen of North Carolina, and NUFIC is a citizen of Pennsylvania and New York, complete diversity of citizenship exists among the parties.

**B.      The Amount in Controversy Exceeds $75,000.00**

12. This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00. "[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—just not interest or costs." *St Paul Reinsurance Co, Ltd v Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. 1999) (finding sufficient amount in controversy in plaintiff's case against the insurer for breach of contract, bad faith, violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act and mental anguish). Likewise, "attorney's fees may be included in determining the jurisdictional amount." *Foret v. Southern Farm Bureau Life Ins. Co*., 918 F.2d 534, 536 (5th Cir. 1990). Plaintiff alleges a cause of action for breach of contract and seeks $75,000.00 in policy benefits. *See* Exh. B-1, Pet. at 3-4, ¶¶ 12, 15. According to its Petition, in addition to actual damages of $75,000.00, he also seeks consequential damages and benefit of the bargain damages,

pre- and post-judgement interest, and attorneys' fees and costs. *Id*., at 4, ¶ 19. Therefore, the total amount in controversy clearly exceeds $75,000.

## III.
## REMOVAL IS PROCEDURALLY CORRECT

13. Plaintiff served DAN's registered agent on November 1, 2023, and Plaintiff contends it served NUFIC on November 9, 2023.[2] Accordingly, Defendants file this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(c)(1), Defendants file this Notice of Removal within one year after commencement of the action.

15. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court were previously filed with this Court.

17. Pursuant to 28 U.S.C. §1446(d), promptly after Defendants filed this Notice of Removal, written notice was given to Plaintiff, the adverse party.

18. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendants' Notice of Removal will be filed with the clerk in Travis County, Texas.

---

[2] This information was provided by Plaintiff's counsel. However, NUFIC does not currently have a record of this, and no documents have been filed with the state court reflecting service.

## IV.
## CONCLUSION

Based upon the foregoing, and other documents filed with the prior Notice of Removal, which are incorporated by reference, Defendants hereby remove this case to this court for trial and determination.

        Respectfully submitted,

        */s/ Matthew J. Kolodoski*
        Matthew J. Kolodoski
        Texas Bar No. 24081963
        mkolodoski@thompsoncoe.com

        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        Telephone:    (214) 871-8200
        Facsimile:    (214) 871-8209

        *And*

        Brittney M. Madrigal
        Texas Bar No. 24138146
        bmadrigal@thompsoncoe.com

        THOMPSON, COE, COUSINS & IRONS, L.L.P.
        10001 Reunion Place, Suite 400
        San Antonio, Texas 78216
        Phone:    (830) 252-5100
        Facsimile:    (214) 871-8209

        **COUNSEL FOR DEFENDANTS DAN SERVICES, INC. AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 1, 2023, a true and correct copy of the foregoing instrument was served via the Court's electronic notification system on the following counsel of record:

Andrew J. Heilala
The Law Office of Andrew Heilala
2901 Bee Cave Rd., Ste. I
Austin, Texas 78746
ajh@andrewheilala.com

COUNSEL FOR PLAINTIFF
WHITNEY SMELSER

                                    */s/ Brittney M. Madrigal*
                                    Brittney M. Madrigal